UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ISAIAS ZACARIAS-BARAJAS,<br>Petitioner,<br>v.<br>JULIO HERNANDEZ, *et al.*,<br>Respondents. | CASE NO. 2:26-cv-03678-GJL<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Isaias Zacarias-Barajas ("Petitioner") is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 8 at 1. On September 29, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release from custody and injunctive relief related to re-detention.[1] Dkt. 1 at 34–44.

[1] Petitioner's Petition was filed with his counsel's verification of the contents presented therein. *See* Dkt. 1 at 45; 28 U.S.C. § 2242 (habeas petitions must be "signed and verified by the person for whose relief it is intended or by someone acting in his behalf."); *see also* Local Rule W.D. Wash. 100(e) ("If a petition or motion is not made and verified by the party in custody, the person making such petition or motion shall verify the same on behalf of such party in custody, and shall set forth therein the reason why it is not made and verified by the party in custody, and shall state he or she knows the facts set forth therein, or if upon information and belief, the sources of his or her information shall be stated.").

Respondents to the Petition include Markwayne Mullin (Secretary of Department of Homeland Security ("DHS")), David Venturella (Acting Director of ICE), Julio Hernandez (Field Office Director for ICE's Seattle Field Office), Todd Blanche (U.S. Attorney General) Bruce Scott (Warden of the NWIPC), ICE, Executive Office for Immigration Review ("EOIR"), and DHS.[2]

On October 14, 2026, Respondents filed a Return. Dkt. 8. On October 19, 2026, Petitioner filed a timely Traverse in reply. Dkt. 11.

Having considered the parties' submissions, the balance of the record, and the governing law, the Court **GRANTS** the Petition and **ORDERS** Petitioner's immediate release and injunctive relief as set forth below in the conclusion below.

## I. BACKGROUND

Petitioner is a native and citizen of Mexico. Dkt. 1-2 at 3. Petitioner entered the United States in 2016. Dkt. 1-2 at 3. Approximately 10 years later, he was abruptly detained by ICE on May 19, 2026. Dkt. 8 at 3. On June 29, 2026, the Honorable Tiffany M. Cartwright found Petitioner to be a *Rodriguez Vazquez* Bond Denial Class member and ordered the Government to provide him with a Section 1226(a) bond hearing (hereinafter, the "Order"). Dkt. 8 at 1.

However, on July 6, 2026, after the District Court's Order and prior to attending the court-ordered bond hearing, Petitioner was ordered removed to Mexico. *Id.* at 1–2; Dkt. 10-5 at 2–6. During the removal proceedings, Petitioner claims he mistakenly waived appeal. Dkt. 1-2 at 6–8. Three days later, Petitioner's counsel moved for reconsideration of the waiver of appeal. Dkt. 1-2 at 38–43. The Immigration Judge ("IJ") denied the motion for reconsideration. Dkt. 1-2

[2] The Parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 5.

at 44–45; Dkt. 10-6 at 2–3. Accordingly, on July 20, 2026, at the court-ordered bond hearing, the IJ found that he lacked jurisdiction to determine bond. Dkt. 8 at 4; Dkt. 10-7 at 2–3.

On July 24, 2026, Petitioner appealed the IJ's denial of the motion to reconsider the waiver of appeal, and the appeal remains pending. Dkt. 1 at 25; Dkt. 8 at 4. Further, on July 28, 2026, Petitioner appealed his removal order, and that appeal also remains pending. Dkt. 1 at 25; Dkt. 8 at 4. Since that time, Petitioner's counsel has written to ICE on five separate occasions, requesting "[Petitioner's] release on parole and a stay of removal, and asking that ICE request that USCIS expedite adjudication of [Petitioner's] T visa petition." Dkt. 1 at 3; Dkt. 1-2 at 70–90. ICE did not reply. *Id.*; Dkt. 8 at 5.

## II. LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To obtain habeas relief, a habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III. DISCUSSION

Petitioner alleges his "prolonged detention without an individualized hearing" violates the Due Process Clause of the Fifth Amendment (Count One). Dkt. 1 at 33–36. Petitioner also alleges his detention is premised on an invalid waiver of appeal and is in violation of the Fifth Amendment, including substantive due process, the Administrative Procedure Act ("APA"), and

the *Accardi* Doctrine (Counts Two, Three, Four, & Five). *Id*. at 36–42. Respondents concede that "Petitioner's detention is governed by 8 U.S.C. §1226(a)" and that "Petitioner has not received an individualized determination[.]" Dkt. 8 at 5–6. Instead, Respondents argue "there are valid reasons" as to why Petitioner has not been afforded such a hearing, he has not "taken advantage of his ability to request a bond redetermination[,]" and his detention otherwise complies with due process. Dkt. 8 at 6–9. These arguments are unavailing.

At bottom, the Court finds Respondents have yet to comply with the Order issued by Judge Cartwright in *Zacarias-Barajas v. Hernandez*, No. 2:26-cv-2150-TMC, 2026 WL 1858191, (W.D. Wash. June 29, 2026). Dkt. 1-2 at 22–26. The Order directed Respondents to "either release [Petitioner] or provide him a bond hearing under 8 U.S.C. § 1226(a)." *Zacarias-Barajas*, 2026 WL 1858191, at *2. However, a bond hearing never meaningfully occurred and Petitioner was never released. Dkt. 8 at 5–7. Instead of conducting the court-ordered bond hearing, the IJ determined he lacked jurisdiction to determine bond because, irrespective of the District Court's Order, he believed Petitioner was subject to a final order of removal. *Id.* at 4,7; Dkt. 10-7 at 2–3. The IJ failed to consider Petitioner's flight risk, danger, or ability to pay, or any alternative to detention. *Id*.

Irrespective of the procedural irregularities affecting the IJ's analysis of his jurisdiction at Petitioner's prior bond hearing, Respondents now concede that Petitioner's detention has returned to the same procedural posture in place at the time of his June 29, 2026, habeas Order. Dkt. 8 at 1–2. Despite this concession, Respondents persist in their refusal to provide Petitioner with the individualized hearing required in that Order and the process that is plainly due. *Id.* at 5–6.

Instead, Respondents attempt to shift the blame of Petitioner's continued detention onto Petitioner for not invoking procedures to obtain individualized custody review while ignoring the lengths to which Petitioner has gone to secure due process and his release. Dkt. 8 at 5–9. This curious position ignores that it was in fact the Government's violation of law that deprived Petitioner of an individualized custody review in the first instance. Moreover, Petitioner *has* requested individualized custody review by way of his habeas corpus proceedings, and Petitioner obtained habeas relief requiring such review. *Zacarias-Barajas*, 2026 WL 1858191, at *2. Respondents have failed to provide it.

Petitioner's continued detention is therefore unlawful, and the only appropriate remedy in this case is immediate release. *Harvest v. Castro*, 531 F.3d 737, 742 (9th Cir. 2008) ("The consequence when the State fails to replace an invalid judgment with a valid one is *always* release." (emphasis added)); *Gomez-Ortiz v. Scott*, No. 26-CV-3284, 2026 WL 3216073, at *8 (W.D. Wash. Oct. 27, 2026) (concluding immediate release of Bond Denial Class member was the only appropriate remedy to cure legal deficiencies in court-ordered bond hearing). Because Petitioner's remaining claims request the same relief, the Court declines to reach Petitioner's remaining claims.

Petitioner also requests injunctive relief. Dkt. 1 at 43–44. Particularly, Petitioner asks that Respondents be prohibited from re-detaining him during the pendency of his removal proceedings. *Id.* The Court concurs that, consistent with the requirements of due process, Respondents must provide adequate notice and a hearing before a neutral decisionmaker in conjunction with future re-detention decisions while Petitioner's removal proceedings are pending. *See, e.g.*, *Reyes Sira v. MarkWayne Mullin*, No. 2:26-CV-03899-GJL, 2026 WL 3320005, at *5 (W.D. Wash. Nov. 3, 2026). With regards to the remaining requests for injunctive

relief, the Court finds the requests moot upon Petitioner's release as they relate to Petitioner's detention. Dkt. 1 at 43–44.

## IV. CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

(1) Petitioner's Habeas Petition (Dkt. 1) is **GRANTED**;

(2) Respondents **SHALL release** Petitioner from custody **within 24 HOURS** of the filing of this Order under reasonable conditions of release, if any;

(3) Respondents and all their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them **SHALL NOT** re-detain Petitioner unless an Immigration Court hearing is held (on adequate notice) to determine whether detention is appropriate, or until Petitioner is issued an administratively final order of removal; and

(4) Respondents **SHALL** file a certification **within 48 HOURS** of the issuance of this Order, confirming that the Petitioner has been released from custody and providing the date and time of his release.

Finally, the Court will entertain any post-judgment motion for attorney's fees, as requested in the Petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 6th day of November, 2026.

Grady J. Leupold
United States Magistrate Judge